**MATHIS v. THOMPSON.**

No. 4857.

District Court, W. D. Missouri, W. D.

Oct. 31, 1947.

Robert L. Robertson, of Kansas City, Mo., for plaintiff.

Milligan, Kimberly & Deacy, of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is an action under the Railroad Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The plaintiff avers that while engaged on behalf of its employer in one of the yards of the defendant in Oklahoma City he was injured by reason of the negligence of the defendant. In his complaint the plaintiff alleges five negligent acts of the defendant which he says occasioned his injuries.

By its motion the defendant asks that the plaintiff be compelled to give greater particulars with respect to the acts of negligence or "to make a more definite statement" of such allegations.

On the view now entertained upon said motion it is unnecessary to set out the averments the defendant seeks to have particularized or to be made more definite and certain.

1. Under Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as amended (effective April 2, 1948) a motion for a more definite statement is only allowed "if a pleading to which a responsive pleading is permitted *is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, * * *.*"

This rule must be construed in the light of the law relating to motions of this kind as it has stood through the years. In 49 C.J., p. 737, Section 1036, relating to the general subject of Pleading, the law is epitomized and aptly stated as follows:

"In general, a motion to make more definite and certain, or more specific, will not lie where the allegations of the pleading against which it is directed are adjudged sufficiently definite, certain, or specific to inform the opposing party *of the nature of the cause of action or defense.*"

This is almost the universal rule and has been applied in interpretation and application of rules much like the federal rules in the State of Missouri. For instance, in the case of Walsh v. Pulitzer Pub. Co., 183 S.W. 587, loc. cit. 588, the Supreme Court said with respect to the statute law of Missouri on the subject of Pleading:

"Section 1794, R.S.1909 [Mo.R.S.A. § 916], requires that a petition contain 'a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition.' The facts necessary to be stated are 'only the substantive facts necessary to constitute a cause of action.' Section 1813 R.S.1909 [Mo.R.S.A. § 935]. It is 'when the allegations or denials of a pleading are so indefinite or uncertain that *the precise nature of the charge or denial is not apparent'* (section 1815, R.S.1909 [Mo.R.S.A. § 937]) that a motion to make more definite or certain lies. Evidence not only need not but should not be pleaded."

2. In the instant case the defendant is definitely and precisely advised as to the nature of the action brought by the plaintiff. It knows the nature of the action and the exact time and place where the injuries were alleged to have been received. To require the plaintiff to set out the details of the alleged negligent acts of the defendant would in no way aid the defendant in preparing its responsive pleading.

The forms submitted by the Supreme Court are helpful in construing the rule. Form 10 illustrates a proper averment in case of negligence resulting in personal injuries. The suggested averment there is that the defendants "negligently drove or caused to be driven a motor vehicle against plaintiff." This is a general averment and complies with the rule by stating only the ultimate facts.

In the instant case the plaintiff in all of the averments against which complaint is made charged that "the defendant negligently, carelessly, wrongfully and unlawfully" committed the acts resulting in the alleged injuries to the plaintiff.

Again, the defendant seeks more definite statement as to the nature of the injuries claimed to have been sustained by the plaintiff. The same rule would apply.

3. An examination of all the authorities in construing the federal rule shows that the information sought by the defendant in this case can be obtained under the discovery rules and that until such informaation is obtained it is not necessary for the defendant to delay its responsive pleading.

The motion for a more definite statement should be overruled and the defendant will be granted 20 days within which to plead further.